**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROLANDO DURAN-QUINTANILLA,

     Petitioner,

v.

JEFFERSON B. SESSIONS, III,
United States Attorney General,

     Respondent.

No. 17-9513
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.
_____

Rolando Duran-Quintanilla petitions for review from a decision by the Board

of Immigration Appeals (BIA) denying his motion to reopen. Exercising jurisdiction

pursuant to 8 U.S.C. § 1252, we deny the petition for review.

I.

Petitioner is a native and citizen of El Salvador. He has entered the United

States without authorization three times. After his second unlawful entry, he was

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

ordered removed. After his third unlawful entry in October 2015, the Department of Homeland Security (DHS) issued him a notice of its intent to reinstate his prior removal order. Petitioner then expressed a fear of torture if he was returned to El Salvador. An asylum officer concluded that petitioner did have a reasonable fear of torture and referred the matter to an immigration judge (IJ) in accordance with 8 C.F.R. § 1208.31(e).[1]

Under § 1208.31(e), the referral to the IJ was for "withholding of removal only." Petitioner applied for withholding of removal under the Convention Against Torture (CAT), and he had a hearing on his application before an IJ in June 2016. The IJ ultimately denied relief, concluding that petitioner had failed to establish that it was more likely than not that Salvadoran officials would instigate, consent to, or acquiesce to his torture.[2] The BIA affirmed the IJ's decision in November 2016. Petitioner did not seek review of that decision in this court.

---

[1] If an alien has his removal order reinstated and, during the reinstatement process, expresses a fear of returning to the country of removal, an asylum officer interviews the alien to make an initial reasonable fear determination. *See* 8 C.F.R. § 1208.31(a)-(c). If the asylum officer determines that the alien does have a reasonable fear of persecution or torture, the officer "issue[s] a Form I-863, Notice of Referral to the [IJ], for full consideration of the request for withholding of removal only." *Id.* § 1208.31(e).

[2] To prove eligibility for withholding of removal under the CAT, the applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). The definition of "torture" contained in § 1208.18(a) governs this determination. *Id.* § 1208.16(c)(1). As is relevant here, that definition requires an intentional act causing severe pain or suffering that is "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* § 1208.18(a)(1).

2

In December 2016, petitioner filed a timely motion to reopen with the BIA. He asserted that "new facts ha[d] materialized that would more than likely change the outcome of the case." R. at 28. The BIA disagreed and denied the motion. Petitioner now seeks review of that decision.

II.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id*. (internal quotation marks omitted).

The relevant regulation provides that "[a] motion to reopen proceedings shall not be granted unless it appears to the Board *that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing*[.]" 8 C.F.R. § 1003.2(c)(1) (emphasis added). An alien seeking to reopen proceedings must also show that, if his motion to reopen were granted, the new evidence presented would likely change the result of his case. *Maatougui*, 738 F.3d at 1240.

Petitioner argues that the BIA violated his due process rights by failing to consider and discuss his new evidence. We disagree. In his motion to reopen, petitioner did not present any new evidence to support his application for withholding of removal under the CAT. Instead, he cited his recent discovery that he was eligible to apply for an I-360 petition, which allows an alien to self-petition for an immigrant

3

visa if he or she has suffered abuse at the hands of a spouse who is a United States citizen. Petitioner then described his wife's actions that provided the basis for his I-360 petition, and alleged that he "ha[d] demonstrated *prima facie* eligibility for [I-360] relief." R. at 32. He concluded the motion to reopen by stating, "[t]his information was not available at the time of the hearing because [he] was not aware he was eligible to apply for an I-360 Petition until he hired undersigned Counsel to assist him in preparing an appeal." *Id.*

The BIA determined that petitioner had not presented new, material evidence in his motion to reopen because the ability to file an I-360 petition was available to him at the time of his June 2016 hearing.[3] Petitioner argues that the BIA erred by failing to mention the evidence in his motion to reopen related to his wife's abuse. But the "new evidence" petitioner asserted that he discovered was his eligibility to apply for I-360 relief. *See id.* at 30 ("Since [petitioner] filed his appeal with this Honorable Board, the circumstances of his case have drastically changed. Specifically, when [he] hired undersigned Counsel with respect to his appeal, [he] discovered he was eligible to apply for an I-360 Petition, Self-Petitioning Spouse of Abusive U.S. Citizen or Lawful Permanent Resident."). Although petitioner recounted in his motion the evidence of his wife's abuse that supported his I-360 petition, the BIA was not deciding the merits of that petition so it was not required to

---

[3] We note that petitioner was represented by Attorney Marlene Gonzalez at the June 2016 hearing, and petitioner has not argued that she was ineffective in representing him during that time.

discuss that evidence. In addition, the facts related to his wife's abuse were not new as petitioner had testified about them at his June 2016 hearing. *Compare* R. at 30-31 (motion to reopen) *with id*. at 149-50, 154-55 (hearing testimony). The BIA addressed petitioner's purported "new evidence" and correctly concluded that his "ability to self-petition [for I-360 relief] was available at the time of his 2016 hearing[.]" *Id*. at 2.

Petitioner also argues that his case should be remanded because the BIA stated that he was eligible to seek asylum but he was never afforded that opportunity. Petitioner's argument is meritless. In the BIA's decision, it was explaining that the availability of I-360 relief would not likely change the result in petitioner's case because "the scope of [petitioner's] current proceedings is limited to a determination of whether he is eligible for asylum, withholding, or deferral of removal. *See* 8 C.F.R. 1208.2(c)(3)(i)." *Id.* Petitioner is now attempting to use the BIA's inadvertent reference to asylum in the preceding sentence[4] to circumvent the applicable regulations limiting the scope of his proceeding. We reject his attempt to do so.

---

[4] Section 1208.2(c) covers two types of proceedings; in one of those, the IJ may consider applications for asylum, but in petitioner's type of proceeding, an IJ may only consider applications for withholding or deferral of removal. *See* 8 C.F.R. § 1208.2(c)(3)(i) ("The scope of review in proceedings conducted pursuant to *paragraph (c)(1)* of this section shall be limited to a determination of whether the alien is eligible for *asylum or withholding or deferral of removal* . . . . The scope of review in proceedings conducted pursuant to *paragraph (c)(2)* of this section shall be limited to a determination of whether the alien is eligible for *withholding or deferral of removal*." (emphasis added)).

Because of petitioner's status as an alien subject to a reinstated removal order, he was in a withholding-only proceeding. *See* 8 C.F.R. § 1208.31(e). His proceeding was conducted pursuant to § 1208.2(c)(2)(i),[5] and the IJ was therefore limited to determining whether he was eligible for withholding or deferral of removal. *See id.* § 1208.2(c)(3)(i). Petitioner, and his attorney at the time, recognized the limitations on the scope of his proceeding and he only applied for withholding of removal under the CAT. *See* R. at 298 (application for withholding of removal under the CAT); *id.* at 197-98 (counsel confirming at hearing that petitioner was only seeking withholding of removal under the CAT). There is no merit to petitioner's argument—made by his new attorney—that he is now entitled to a remand to seek asylum relief.

### III.

We see no abuse of discretion in the BIA's decision to deny petitioner's motion to reopen. Accordingly, we deny the petition for review.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[5] Section 1208.2(c)(2)(i) provides: "Withholding of removal applications only. After Form I-863, Notice of Referral to [IJ], has been filed with the Immigration Court, an [IJ] shall have exclusive jurisdiction over any application for withholding of removal filed by: (i) An alien who is the subject of a reinstated removal order[.]"